**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Gorilla Companies, LLC,<br><br>    Debtor.<br>_____<br><br>Gorilla Companies, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br>v.<br><br>Sharon Van Tassel, and Darrell Van Tassel, husband and wife,<br><br>    Defendants. | No. CV-09-1327-PHX-DGC<br><br>Re: Bankruptcy Proceedings<br><br>2:09-bk-02898-RJH<br><br>2:09-ap-00507-RJH<br><br>**ORDER** |

### I. Background.

Gorilla Companies LLC ("Gorilla") is a debtor-in-possession currently under chapter 11 bankruptcy. On May 8, 2009, Gorilla filed an adversary pleading in its pending bankruptcy case. The adversary complaint alleged that Sharon Van Tassel, a former employee, misappropriated funds from Gorilla's wholly-owned subsidiary, Gorilla Quick Cash ("GQC"). *Gorilla Companies LLC v. Van Tassel*, Adv. No. 2:09-ap-00507-RJH.

On June 19, 2009, Van Tassel timely filed a motion with this Court to withdraw the reference from bankruptcy court on the ground that it was not related to the bankruptcy, and, upon withdrawal, to dismiss the action for lack of standing and lack of subject matter jurisdiction. Dkt. #2 at 2.

The motion has been fully briefed. Dkt. ## 2, 8, 9. For reasons that follow, the Court will deny the motion to withdraw the reference.

**II. Discussion.**

The bankruptcy court "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. §157(b)(1). A bankruptcy court may also hear "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." *Id.* at § 157(c)(1). "[T]he district court may withdraw . . . any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." *Id.* at § 157(d).

To determine if cause for withdrawal exists, this Court "should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997). The Court must "evaluate whether the claim is core or non-core, since it is upon this issue that [such] questions of efficiency and uniformity will turn." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

**A. Core v. Noncore Proceedings.**

Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("the Amendments") to cure the constitutional defect of the Bankruptcy Act of 1978,which impermissibly shifted certain Article III powers to bankruptcy courts. *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing constitutional ruling in *N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982)). In the Amendments, Congress delineated the role of bankruptcy judges with respect to both core and noncore bankruptcy proceedings. 28 U.S.C. § 157. For core proceedings, the bankruptcy court may issue final orders, subject to the district court's appellate review. *Id.* § 157(b)(1). For noncore proceedings, the bankruptcy court may issue findings of fact and law, but the district court must issue final orders, and all noncore matters which are appealed are subject to the district court's de novo review. *Id.* § 157(c)(1).

The Amendments enumerate a non-exhaustive list of core proceedings. *Id.* § 157(b)(2)(A)-(O). In practice, however, "the core/noncore distinction has proven elusive."

*In re Burger Boys, Inc.*, 183 B.R. 682, 685 (S.D.N.Y. 1994). Among its specific enumerations, 28 U.S.C. § 157(b)(2) contains what have been termed "catch-all" provisions, specifically, § 157(b)(2)(A) for "matters involving the administration of the estate," and §157(b)(2)(O), for "other proceedings affecting the liquidation of the assets of the estate." *In re Castlerock Properties*, 781 F.2d 159, 161-62 (9th Cir. 1986). These categories must be narrowly construed because, under a broad interpretation, "virtually any action by a debtor that would result in a recovery for the estate would be a core proceeding." *Interconnect Telephone Servs., Inc. v. Farren*, 59 B.R. 397, 401(S.D.N.Y. 1994).

In general, "proceedings that do not invoke substantive rights created by bankruptcy law and that could exist outside of bankruptcy court are not core proceedings, although they may fall within the 'otherwise related to' jurisdiction of the court." *In re ACI-HDT Supply Co.* 205 B.R. 231, 235 (B.A.P. 9th Cir. 1997) (citing *In re Eastport Assocs.*, 935 F.2d 1071, 1076 (9th Cir. 1991)). "Related to" jurisdiction encompasses proceedings whose outcome could affect the bankruptcy estate in any conceivable way. *ACI-HDT* 205 B.R. 231at 237 ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . and [if the outcome] in any way impacts upon the handling and administration of the bankruptcy estate.") (citing *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)) .

Van Tassel argues that Gorilla's claims are not core because they do not arise under Title 11 and are not part of the administration of the bankruptcy estate. Dkt. #2 at 5. Gorilla's complaint asserts that the Van Tassel adversary proceeding is core pursuant to 28 U.S.C. §§ 157(b)(2)(A),(B),(C),(E),(H),(M),(N), and (O). Dkt. #1 at 4. The complaint fails, however, to tie its claims to the statutory language of any of these provisions. Other than a claim for attorney's fees under the bankruptcy code, the complaint also contains only pre-petition, state law claims. Dkt. #1 at 10-18. Gorilla's response to Van Tassel's motion to withdraw argues that the adversary proceeding is "directly related to and will impact the administration of the estate." This language corresponds to § 157(b)(2)(A) and its coverage of "matters concerning the administration of the estate." Gorilla's reliance on this "catch

all" provision, however, necessitates further evaluation of the claims' relationship to the bankruptcy. *In re Castlerock Props.*, 781 F.2d at 162.

Courts generally have found pre-petition state law claims against parties who have not filed claims in the bankruptcy case to be noncore proceedings, even when the outcome of proceedings may impact the assets of the debtor estate, unless there is a nexus between the claims and the bankruptcy. *See, e.g.*, *id.* (holding that state law contract claims that did not fit into the other enumerated proceedings are noncore, related proceedings even if they fit the literal wording of the catch-all phrases); *Orion*, 4 F.3d at 1102 (holding that "breach-of-contract action by a debtor against a party to a pre-petition contract, who has filed no claim with the bankruptcy court, is non-core"); *In re Sun Healthcare Group* 267 B.R. 673, 677 (B.R. D. Del. 2000) (holding that a claim against a former employee for violating a non-compete clause "is non-core because of a weak nexus between the bankruptcy . . . and the adversary proceeding"); *Burger Boys*,183 B.R. at 686 (holding debtor-tenant claims against landlord noncore because, unlike insurance claims specifically meant to indemnify a debtor, no like nexus exists between debtor's adversary claims and the reorganization plan).

Van Tassel's arguments are persuasive. Gorilla fails to establish that the claims implicate bankruptcy law or to establish a nexus between the pre-petition, state law claims and the bankruptcy. Gorilla asserts, without specific enumeration, that GQC's financial affairs are referenced in its 43-page, May 2009 operating report. Dkt. #8 at 4, Ex. 1. It is not clear how this fact establishes core jurisdiction over the Van Tassel adversary proceeding. Gorilla's assertion that the claims against Van Tassel could result in a recovery for the estate (Dkt. #8 at 9) is also not enough to establish core bankruptcy jurisdiction.

The Court finds, however, that Gorilla's claims do satisfy the test for "related to" jurisdiction. Gorilla alleges that Van Tassel misappropriated at least $192,025.90 from its subsidiary, GQC. Dkt. #8 ¶ 13. As pled, the Court finds that the outcome of Gorilla's claim could conceivably "alter the debtor's rights, liabilities, options, or freedom of action" with regard to the handling of the bankruptcy estate. *ACI-HDT,* 205 B.R. at 237.

Van Tassel asserts that Gorilla's reorganization plan is not dependant on the outcome

of this adversary proceeding because the plan preserves all claims that arise before the effective date of reorganization. Dkt. #9 at 6. But such preservation of potential post-bankruptcy adjudication does not preclude resolution of the claims within the bankruptcy proceeding; nor is it essential that the reorganization plan depend on the outcome of these claims, so long as the outcome could impact the administration of the bankruptcy in any way. Even if not specifically included in its reorganization plan, the outcome of this claim could impact Gorilla's options with regard to any other outstanding bankruptcy claims. 13 Holdings, LLC, the original holding company for Gorilla, has filed an action in Gorilla's bankruptcy which, if successful, already lays claim to the specific money in question. Dkt. #8 at 11. The test for "related to" jurisdiction, which requires only a conceivable connection to the debtor's handling of the estate, is thus met.

### B. Parent Corporation Status.

Van Tassel makes an additional argument, not specifically limited to the core/noncore distinction, that Gorilla's complaint should be withdrawn from bankruptcy court because it involves claims which Gorilla made not on its own behalf, but on behalf of its non-debtor subsidiary, GQC. Dkt. #2 at 5. Van Tassel cites *In re Fitzgeralds Gaming Corp.* 261 B.R. 1, 3 (W.D. Mo. 2001), for the proposition that "the mere fact that [a] parent corporation filed a bankruptcy petition does not ratchet [a subsidiary's] state law proceeding into a bankruptcy proceeding." Dkt. #2 at 5. Van Tassel's reliance on *Fitzgeralds* is misplaced.

In *Fitzgeralds*, the defendant company, a non-debtor, moved to have state law claims against it removed from state court to district court and then transferred to bankruptcy court on the ground that the opposing party was the subsidiary of a company currently in bankruptcy proceedings. 261 B.R. at 3-4. *Fitzgeralds* held that the case was not a core bankruptcy proceeding, nor was there "a sufficient nexus between [the] lawsuit and the bankruptcy estate" to confer jurisdiction. *Id.* at 5, 7. Specifically, the debtor was not party to the action and could not take action "to affect the outcome," nor would the outcome of the litigation impact the debtor's "rights, liabilities, or course of action" in any way. *Id.* at 6.

In this case it is the debtor company, Gorilla, which brings the adversary proceeding

- 5 -

against Van Tassel. Unlike the parent company in *Fitzgeralds*, which was never party to the litigation, Gorilla is not only party to the current cause of action, but Gorilla originated the cause of action. Whether Gorilla had standing to do so for claims related to the alleged mismanagement of its subsidiary company is an issue for the adjudicating court to decide, but the fact that Gorilla's claims involve a subsidiary does not, of itself, render the claims unrelated to the bankruptcy.

Also, unlike *Fitzgeralds*, in which the movant sought removal of a state court case into district court and then a transfer to bankruptcy court, Gorilla's adversary pleading is already in bankruptcy court. The party seeking withdrawal has the burden of showing that the adversary pleading is neither a core bankruptcy proceeding nor sufficiently related to the bankruptcy to warrant continued jurisdiction. *In re Homeland Stores, Inc.*, 204 B.R. 427, 430 (D. Del. 1997). In this case, the Court is not persuaded that the outcome of Gorilla's adversary proceeding will have no impact on Gorilla's rights, options, or freedom of action in administering the bankruptcy estate.

### C. Questions of Equity and Efficiency.

Having determined that Gorilla's claims properly fall under 28 U.S.C. § 157(c)(1)'s "related to" jurisdiction, this Court must now consider whether discretionary withdrawal under 28 U.S.C. § 157(d) is appropriate.

#### 1. Efficient Use of Judicial Resources.

Van Tassel argues that she intends to seek a jury trial and constitutional considerations prevent the bankruptcy court from conducting a jury trial on a noncore matter. Dkt. #2 at 6. (citing *In re Cinemetronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990)) ("grave Seventh Amendment problems would arise if a jury trial is conducted by the bankruptcy court [on a noncore matter], because section 157(c)(1) requires de novo review by the district court of noncore matters.").

The potential for this proceeding to require a jury trial, necessitating future withdrawal, is one factor to consider when evaluating the efficient use of judicial resources. *Sec. Farms*, 124 F.3d at 1009. This Court may also consider that judicial efficiency is best

served by allowing necessary pretrial issues, some of which may obviate the need for a jury trial altogether, to proceed in bankruptcy court. *Orion*, 4 F.3d 1095, 1101-02 (2d. Cir. 1993). *See also In re Healthcentral.com*, 504 F.3d 775, 778 (9th Cir. 2007) ("A valid right to a Seventh Amendment jury trial in the district court does not mean . . . that the action must be transferred to the district court. Instead, we hold, the bankruptcy court may retain jurisdiction over the action for pre-trial matters.").

Here, the judicial resources needed to adjudicate pre-trial matters will likely be the same in either forum, with the possibility of greater efficiency in the bankruptcy court where Gorilla is already a party. Van Tassel's assertion that judicial inefficiency will result from leaving this proceeding in bankruptcy court – when future withdrawal may become appropriate – is merely speculative, and the Court finds insufficient cause at this time for withdrawal of the reference on those grounds.

**2.     Delay and Cost to the Parties.**

On the present record, there is no evidence of substantial delay or cost to the parties from this action remaining in bankruptcy court.

**3.     Uniformity of Bankruptcy Administration.**

Van Tassel argues that withdrawal of the reference will not impair the administration of the bankruptcy estate. Dkt. #2 at 7. The Court finds unconvincing Gorilla's counter-argument that withdrawing the reference would necessarily "undermine the bankruptcy court's administration." Dkt. #8 at 10. Unlike *In re Canter*, 299 F.3d, 1150, 1154 (9th Cir. 2002), which Gorilla relies upon for this proposition (Dkt. #8 at 10), the bankruptcy court has made no ruling in the present cause of action. Neither is it likely, as Gorilla contends, that withdrawing the reference will lead to inconsistent rulings with its other adversary proceeding, a counter-claim against 13 LLC (Dkt #8 at 11, Ex. E) (referencing 2:09-ap-00266-RHJ), because, while 13 LLC purportedly laid claim to the funds in question *after* Van Tassel allegedly misappropriated them, 13 LLC merely contends that it has a right to these funds to compensate for Gorilla's indebtedness to it (Dkt. #8, Ex. E), a matter which the bankruptcy court must decide on separate evidentiary grounds from whether Van Tassel

- 7 -

1  misappropriated the funds in the first place.

2  Establishing that a case could be tried in district court without undermining
3  bankruptcy proceedings, however, is not the same as showing cause why the proceeding
4  should be withdrawn. Other than offering the general argument that adversary proceedings
5  are time consuming, Van Tassel offers no evidence to show that the bankruptcy court would
6  be a less efficient forum than the district court to adjudicate Gorilla's claims. Dkt. #2 at 6-7.
7  Additionally, while it may be that the 13 LLC and Van Tassel adversary proceedings are
8  substantively distinct, any potential crossover of evidence between them, which would lend
9  to the bankruptcy court's familiarity with the case at hand, also weighs against withdrawal.

### 4. Forum Shopping

Both parties make accusations of forum shopping. Dkts. #2 at 7; #8 at 11; #9 at 10. Van Tassel makes the unsubstantiated claim that alleged unfavorable rulings against Gorilla in its state court suit against Robb Corwin of 13 LLC prompted Gorilla to file for bankruptcy in the first place, and subsequently to bring the instant case into bankruptcy court. Dkt. #2 at 7. Van Tassel argues that Gorilla did this to sweep its subsidiary's claims inappropriately into bankruptcy court. Dkt. #9 at 8. This argument relates not to the appropriateness of the forum, but to Gorilla's standing to bring a claim related to GQC, which, as stated earlier, can be determined in either court. Importantly, neither Gorilla nor Van Tassel offer any evidence as to how the opposing party would gain an unfair advantage from either forum.

Procedurally, leaving the action in bankruptcy court would conceivably present less cost to Gorilla, the pleading party, as withdrawing the reference at this stage would require concurrent representation in two separate forums. Whether or not this is Gorilla's motivation, Van Tassel, as the defending party, faces no corresponding disadvantage from the action remaining in bankruptcy court. The Court thus finds no evidence of forum shopping sufficient to merit withdrawal of the reference on those grounds.

### III. Conclusion.

The Van Tassel adversary proceeding consists of noncore bankruptcy claims, but falls under the bankruptcy court's jurisdiction as "a proceeding that is otherwise related to a case

under title 11." 28 USC § 157(c)(1). This court has discretion to order withdrawal of any cases referred to bankruptcy court under this section "for cause shown." *Id.* at § 157(d). Because this Court has de novo review over any appeals related to noncore proceedings, constitutional concerns may necessitate future withdrawal in the event that this action proceeds to a jury trial. At the present stage, however, this Court finds insufficient grounds for withdrawal and orders that this action remain in bankruptcy court for adjudication of pretrial matters.

Having reached the conclusion that this action does not necessitate immediate withdrawal from bankruptcy court, this Court need not address Van Tassel's motion to dismiss the action on the grounds of lack of standing and lack of subject matter jurisdiction.

**IT IS ORDERED** that the motion to withdraw the reference from bankruptcy court filed by Defendants Sharon Van Tassel and Darrel Van Tassel (Dkt. #2) is **denied**.

DATED this 2nd day of October, 2009.

*David G. Campbell*
David G. Campbell
United States District Judge