**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Gorilla Companies LLC, et al., | No. CV-09-01327-PHX-DGC |
| Debtors. | No. AP-09-00507-RJH<br>No. BK-09-02898-RJH<br>No. BK-09-02901-CGC<br>No. BK-09-02903-GBN<br>No. BK-09-02905-CGC |
| Gorilla Companies, LLC, a Delaware limited liability company, | |
| Plaintiff, | **ORDER** |
| vs. | |
| Sharon Van Tassel, and Darrell Van Tassel, husband and wife; Robb M. Corwin and Jillian C. Corwin, husband and wife; 13, LLC, an Arizona limited liability company; and 13 Holdings, LLC, an Arizona limited liability company, | |
| Defendants. | |

Gorilla Companies LLC ("Gorilla") is a debtor-in-possession currently under chapter 11 bankruptcy. *In re Gorilla*, No. BK-09-02898-RJH (Bankr. D. Ariz. Feb. 20, 2009). Gorilla filed an adversary pleading in its pending bankruptcy case. Dkt. #1, *Gorilla v. Van Tassel*, No. AP-09-00507-RJH (Bankr. D. Ariz. May 8, 2009). The adversary complaint alleges that Sharon Van Tassel, a former employee, misappropriated funds from one of Gorilla's wholly-owned subsidiaries. *Id.*

Van Tassel commenced this action by filing a motion to withdraw the reference from bankruptcy court. Dkt. #1, *Gorilla v. Van Tassel*, No. CV-09-01327-PHX-DGC (D. Ariz. June 19, 2009). The Court denied the motion in an order dated October 2, 2009. Dkt. #11. The Court found that the adversary proceeding consists of noncore bankruptcy claims, but falls under the bankruptcy court's jurisdiction as a proceeding that is otherwise related to a case under title 11. *Id.* at 8-9. Concluding that there were insufficient grounds for withdrawal, the Court ordered that this action remain in bankruptcy court for adjudication of pretrial matters. *Id.* at 9.

Defendants have filed a renewed motion to withdraw. Dkt. #12. The motion is fully briefed. Dkt. ##13-15. No party has requested oral argument. For reasons stated below, the motion will be denied without prejudice.

The Court noted in the October 2 order that because it has de novo review over any appeals related to noncore proceedings, constitutional concerns "may necessitate future withdrawal *in the event the case proceeds to a jury trial*." Dkt. #11 at 9 (emphasis added). Defendants have filed several motions for summary judgment in the adversary proceeding. Dkt. ##105-09, No. AP-09-00507-RJH. A hearing on those motions will be held before the bankruptcy court on August 2, 2010. Dkt. #133. Defendants recognize that depending on how the summary judgment motions are decided, the adversary proceeding "will either end or continue to trial." Dkt. #14, No. CV-09-01327-PHX-DGC. Defendants request that the Court withdraw the reference for any surviving claim "[o]nce the bankruptcy court rules on [the] summary judgment motions[.]" Dkt. #12 at 2.

Because the bankruptcy court has yet to rule on the summary judgment motions, and because resolution of those motions may eliminate the need for trial, the renewed motion to withdraw the reference is premature. The motion will be denied without prejudice to refiling if triable claims remain after summary judgment has concluded in the adversary proceeding.

1    **IT IS ORDERED** that Defendants' renewed motion to withdraw the reference from

2    bankruptcy court (Dkt. #12) is **denied** without prejudice.

3        DATED this 22nd day of June, 2010.

4

5

6    _____

7                    David G. Campbell
                 United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28