**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Gorilla Companies LLC, et al.,<br><br>Debtors.<br>_____<br><br>Gorilla Companies, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Sharon Van Tassel, and Darrell Van Tassel, husband and wife; Robb M. Corwin and Jillian C. Corwin, husband and wife; 13, LLC, an Arizona limited liability company; and 13 Holdings, LLC, an Arizona limited liability company,<br><br>Defendants.<br>_____ | No. CV-09-1327-PHX-DGC<br><br>No. AP-09-00507-RJH<br>No. BK-09-02898-RJH<br>No. BK-09-02901-CGC<br>No. BK-09-02903-GBN<br>No. BK-09-02905-CGC<br><br>**ORDER** |

Gorilla Companies LLC ("Gorilla") is a debtor-in-possession currently under chapter 11 bankruptcy. *In re Gorilla*, No. BK-09-02898-RJH (Bankr. D. Ariz. Feb. 20, 2009). Gorilla filed an adversary pleading in the bankruptcy case. Doc. 1, *Gorilla v. Van Tassel*, No. AP-09-00507-RJH (Bankr. D. Ariz. May 8, 2009). The adversary complaint alleges that Sharon Van Tassel, a former employee, misappropriated funds from one of Gorilla's wholly-owned subsidiaries. *Id.*

1   Van Tassel commenced this action by filing a motion to withdraw the reference from bankruptcy court. Doc. 1, *Gorilla v. Van Tassel*, No. CV-09-01327-PHX-DGC (D. Ariz. June 19, 2009). The Court denied that motion and a subsequent one filed by Defendants (Doc. 12) without prejudice. Docs. 11, 16.

On August 17, 2010, Gorilla filed a notice of no objection to withdrawal of the reference and a request for a final pretrial conference. Doc. 17. Gorilla states that the bankruptcy court has issued its summary judgment rulings, that certain tort and other claims remain against Defendants (other than 13 Holdings, LLC), and that those claims are ready for a jury trial in this Court. *Id.* On September 16, 2010, this Court issued an order directing Defendants to file a response to Gorilla's notice. Doc. 18. Defendants filed the response (Doc. 19) and Gorilla replied (Doc. 20).

Defendants concur in withdrawal of the reference as to the Van Tassels, 13, LLC, and 13 Holdings, LLC, and request a settlement conference. Doc. 19 at 4. Defendants Van Tassels and 13, LLC also ask the Court to rule on their objections to the bankruptcy court's denial of summary judgment and denial of a motion to compel discovery against third-party National Bank of Arizona. *Id.* at 2, 3. Defendants contend that they are entitled to *de novo* review on the summary judgment ruling and at least clear-error review on the discovery ruling. *Id.* Gorilla objects, arguing that the only means by which this Court can review the bankruptcy court's decisions is on appeal under Federal Rules of Bankruptcy Procedure 8001(b) and 8003. Doc. 20 at 3. The Court disagrees with Gorilla.[1]

Federal law allows bankruptcy courts to hear matters that are noncore but related to a title 11 case. 28 U.S.C. § 157(c)(1). Under § 157(c)(1), the district court shall consider the bankruptcy court's proposed findings of fact and conclusions of law in entering a final order or judgment in such proceedings, and shall review *de novo* "those matters to which any party

---

[1] Gorilla cites *In re Cutter*, 398 B.R. 6, (9th Cir. BAP 2008), but there is no indication in *Cutter* that the two cases align procedurally. Because the procedural posture controls the method of review, *compare* 28 U.S.C. §§ 157(b)(1) and (c)(2) *with* § 157(c)(1), Gorilla's argument is unpersuasive.

- 2 -

1  has timely and specifically objected." *Id.*  This Court previously deemed the adversary
2  proceeding to be noncore and related to a title 11 case, and exercised its discretion under
3  § 157(c)(1) and § 157(d) to continue the reference in bankruptcy court.  Doc. 11 at 8, 9.
4  Accordingly, the Court will review *de novo* the bankruptcy court decisions to which
5  Defendants filed timely objections.

6  **IT IS ORDERED** that reference of the adversary proceeding (Doc. 17) is withdrawn.
7  The Parties shall appear at a status conference on **November 9, 2010 at 4:00 p.m.**  The
8  purpose of the status conference will be to discuss Defendants' request for a settlement
9  conference, what if any briefing should be permitted on Defendants' objections, and
10 scheduling of a final pretrial conference.

11 DATED this 14th day of October, 2010.

*David G. Campbell*
United States District Judge